UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KELLEY WILLIAMS-BOLAR, | ) | CASE NO. 5:10 CV 2792 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SHERRY BELVIN-WALSH, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On December 9, 2010, plaintiff *pro se* Kelley Williams-Bolar filed this "Emergency Notice for Motion for a Preliminary Injunction," and a request to proceed *in forma pauperis*.[1] The Notice alleges plaintiff has been indicted in Summit County in a matter which should be civil, and seeks an "investigation" by this court.

As a threshold matter, under Federal Rule of Civil Procedure 3, a lawsuit must be initiated by the filing of a complaint. Further, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Finally, even liberally construed, the Notice does not

---

[1] While the Notice includes E.L. Williams as a plaintiff in the caption, Mr. Williams did not sign the document.

set forth allegations suggesting plaintiff has a valid federal claim at this time. Federal interference in state criminal proceedings is disfavored, and the only exception to the rule against such interference is when irreparable injury, both great and immediate, to federally protected rights will otherwise occur. *Younger v. Harris*, 401 U.S. 37 (1971). There is no reasonable suggestion that an exception to the rule is warranted in this case.

Accordingly, this action is dismissed. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: <u>1/3/2011</u>            <u>/s/ John R. Adams          </u>
                                 JOHN R. ADAMS
                                 UNITED STATES DISTRICT JUDGE